Bertram R. Geleanu, S.
This is a motion to reargue that portion of the decision of' the court dated January 7, 1974 which disallowed objection No. 9 in this contested . accounting proceeding.
Objection No. 9 alleges that the administratrix, decedent’s widow, incorrectly determined in Schedule I of the account that the administratrix’ share of the estate did not have to bear any portion of either the Federal or State estate taxes. Objectant argues in support .of this position that the administratrix wrongfully credited herself with both a marital deduction and a personal exemption as a surviving .spouse. The attorney for the widow at first conceded that the widow had credited herself with both a marital deduction and a personal exemption, but now contends that in fact she only took a marital deduction. It is agreed ;by both parties that the widow’s share in the estate equalled $74,358.89.
The contentions of both parties do not present an accurate application of the pertinent tax .statutes. There is no personal exemption under the (Federal tax laws. With certain exceptions *153 not applicable to this case both section 2056 of the Internal Revenue Code (U. S. Code, tit. 26, § 2056) and section 955 of the New York Stajfce Tax Law permit a marital deduction based on the smaller of either the amount indefensibly vested in the surviving spouse or one half of the adjusted gross estate. Here, both the Federal and State adjusted gross estate equalled $187,-166.14, which means that the estate was entitled to a marital deduction on both taxes equal to the smaller of $93,583.07 (one half of. the adjusted igross estate) or thé amount actually received. Since the widow received $74,358.89 a marital deduction in this amount was permitted under both the Federal and State laws.
The arguments of both parties appear to flow from impressions that the widow had claimed both a marital deduction and a personal exemption, and that under New York law a marital deduction cannot exceed $20,000. Both of these impressions do not coincide ¡with the law. Section 958 (subd. [b], par [1]) of the Tax Law provides that a surviving spouse is entitled to an exemption on the first $20,000 received, less, among other things, the allowable amount of the marital deduction. In short, if the allowable marital deduction equals $20,000 there can be no personal exemption, but the permissible amount of the marital deduction allowed under section 955 is not limited to $20,000.
Accordingly, since an examination of the tax returns reveals on their face that a marital deduction, for the full amount received by the widow was permissible under 'both Federal and State laws it is clear that under EPTL 2-1.8 (subd. [c], par. [2]) the widow’s share should not be charged with any of the estate taxes paid. Where the law as applied to the clear facts dictates only one result, the result cannot be altered by any concessions to the contrary. , Upon reargument the court adheres to its original determination pursuant to which objection No. 9 was disallowed.